**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4360**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LAMONT VAN HARRIS,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph Robert Goodwin, District Judge. (CR-01-261)

Submitted: April 26, 2004          Decided: May 24, 2004

Before MICHAEL and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Wiley W. Newbold, Morgantown, West Virginia, for Appellant. Kasey Warner, United States Attorney, Monica K. Schwartz, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Lamont Van Harris appeals his conviction pursuant to a guilty plea and his seventy-two month prison term for one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000). Counsel for Harris has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states there are no meritorious issues for appeal, but presents three issues for this court's review. Harris has filed a supplemental pro se brief, and we have considered it as well. Finding no reversible error, we affirm.

Harris contends that his guilty plea was not knowing and voluntary. This court generally reviews the adequacy of a guilty plea proceeding de novo. See United States v. Damon, 191 F.3d 561, 564 n.2 (4th Cir. 1999) (citing United States v. Goins, 51 F.3d 400, 402 (4th Cir. 1995)). Rule 11 violations, however, are reviewed under a harmless error standard. See id. Any variance from the Rule 11 requirements that does not affect the substantial rights of the defendant is disregarded. See Fed. R. Crim. P. 11(h); United States v. DeFusco, 949 F.2d 114, 117 (4th Cir. 1991). We have reviewed the district court's thorough Rule 11 colloquy, and conclude that Harris cannot show that his guilty plea was unknowing or involuntary.

Harris objects to the determination of his relevant conduct at sentencing. A district court's determination of the

drug quantity attributable to a defendant is a factual finding reviewed for clear error. United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999). In calculating drug amounts, the court may consider any relevant information, provided that the information has sufficient indicia of reliability to support its accuracy. United States v. Uwaeme, 975 F.2d 1016, 1021 (4th Cir. 1992). Harris objects to the inclusion of a quantity of marijuana shipped to a third party, which the recipient stated he was receiving for Harris. We conclude that the district court's credibility determination was not clearly erroneous. Harris also objects to the inclusion of drugs found during a search of his residence. Harris did not file a motion to suppress the drugs. Even illegally-seized evidence may be used against the defendant at sentencing. See United States v. Lee, 540 F.2d 1205, 1211-12 (4th Cir. 1976); see also United States v. Acosta, 303 F.3d 78, 84-85 (1st Cir. 2002) (collecting cases). Here, the drugs were not suppressed, and Harris is unable to show that their attribution to his relevant conduct at sentencing was clearly erroneous.

Finally, Harris contends that he received ineffective assistance of counsel. Ineffective assistance claims are not generally addressed on direct appeal. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999) (providing standard and noting that ineffective assistance of counsel claims generally should be raised by motion under 28 U.S.C. § 2255 (2000)). We conclude that

Harris has not shown conclusively from the face of the record that counsel provided ineffective representation. Richardson, 195 F.3d at 198. Therefore, we decline to address his claim of ineffective assistance of counsel at this juncture.

We have examined the entire record in this case in accordance with the requirements of Anders and find no meritorious issues for appeal. Accordingly, we affirm Harris's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED